IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DANNY T. JEWELL and SANDRA F. JEWELL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:08-CV-392 |
| SMURFIT-STONE CONTAINER ENTERPRISES, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the court on the motion to dismiss filed by defendants United Steelworkers Union Local # 51276, Robert Mackey, Scott Johnson, Vaughn Buckner, and Joyce Jones (collectively, "the Union Defendants") [doc. 18]. The plaintiffs have filed a response [doc. 22]. For the reasons that follow, the motion will be granted and the Union Defendants will be dismissed from this litigation.

I.

*Background*

Plaintiffs filed their complaint on September 25, 2008. The Union Defendants moved for dismissal on December 8, 2008. The case was stayed from March 2009 through October 18, 2010, due to the Chapter 11 bankruptcy of defendant Smurfit-Stone Container Enterprises, Inc. ("Smurfit-Stone").

According to the complaint, plaintiff Danny Jewell ("Jewell") was formerly employed by Smurfit-Stone. Plaintiffs allege that Jewell's employment was terminated on August 6, 2007, on account of his age. They further allege that a retaliatory union grievance hastened the termination.[1] The complaint identifies the Union Defendants, respectively, as a union, a union shop steward, an assistant machine operator, a machine operator, and a general laborer.

Along with their response in opposition to the present motion, the plaintiffs filed a motion to amend their complaint on December 31, 2008 [doc. 23]. Plaintiffs did not attach to their motion a copy of their proposed amendment as is required by this court's local rules. Plaintiffs' attorney was timely advised of this omission. Counsel assured the Clerk of Court that he would refile the motion with the proposed amendment properly attached, but he never did so. After lifting the stay of this case on October 18, 2010, the court denied [doc. 35] the motion to amend. Plaintiffs have not further prosecuted their case since that date.

II.

*Applicable Legal Standards*

The Federal Rules of Civil Procedure authorize dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a pleading must contain a 'short and plain statement of the claim showing

---

[1] The complaint directly states that plaintiff was fired in 200_7_, and the relevant facts clearly are alleged to have taken place in that year. It is obvious that paragraphs 15 and 16 of the complaint contain typographical errors to the extent that those paragraphs mention hiring and firing dates in 200_8_.

that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing and quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). Unsupported legal conclusions will not suffice. *Iqbal*, 129 S. Ct. at 1949-50.

III.

*Analysis*

The complaint contains four substantive counts:

- Count I - Violation of Tennessee Human Rights Act ("THRA")

- Count II - Violation of Age Discrimination in Employment Act ("ADEA")

- Count III - Defamation

- Count IV - Violation of the Employee Retirement Income Security Act ("ERISA")

The Union Defendants move for dismissal of all four counts. In their response, plaintiffs address only one of the defense arguments and have thus arguably waived opposition to the other issues. The court will nonetheless analyze each count in turn.

A. THRA

The THRA has a one-year statute of limitations. *See Weber v. Moses*, 938 S.W.2d 387, 389-90 (Tenn. 1996). A claimant must file suit no later than one year "after the

alleged discriminatory practice ceases . . . ." Tenn. Code. Ann. § 4-21-311(d) (2005); *Weber*, 938 S.W.2d at 389. An employment discrimination cause of action accrues under the THRA "and the statute of limitations begins to run when the employee is given unequivocal notice of the employer's termination decision." *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 144 (Tenn. 2001).

According to the complaint, Jewell's employment was terminated on August 6, 2007. Unequivocal notice of that decision would have been given no later than August 14, 2007, which is the date Jewell filed for unemployment benefits. Plaintiffs did not file suit, however, until more than one year later, on September 25, 2008. The THRA claim is time-barred. *See Easter v. Martin Marietta Energy Sys.*, 823 F. Supp. 489, 496 (E.D. Tenn. 1991).

## B. ADEA

The filing of a charge of discrimination with the EEOC identifying the parties is a prerequisite to filing an ADEA suit in federal court. *See Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998). The Union Defendants move for dismissal on the grounds that Jewell did not file a charge against them with the EEOC.

The charge filed by Jewell is not a part of the record in this case. The complaint indicates, however, that the charge he filed was only against Smurfit-Stone [doc. 1, ¶¶ 35, 37]. Plaintiffs' ADEA claim must therefore be dismissed as to the Union Defendants.

4

C. Defamation

The complaint alleges, "On numerous occasions, the Defendant, Steelworker's Local Union #51276, by and through its agents, particularly, Robert Mackey, has falsely and maliciously stated, uttered or otherwise published statements about Plaintiff that were false and defamatory." [Doc. 1, ¶ 56]. The Union Defendants argue that this claim is time-barred.

In Tennessee, the statute of limitations for slander is six months "after the words are uttered." Tenn. Code Ann. § 28-3-103. For libel, the statute of limitations is one year "after the cause of action accrued." Tenn. Code Ann. § 28-3-104(a)(1). The complaint specifies no alleged libel or slander on the part of any Union Defendant after July 19, 2007. [Doc. 1, ¶ 27]. Again, the complaint was not filed until September 25, 2008. Plaintiffs' defamation claim against the Union Defendants must therefore be dismissed as untimely.[2]

D. ERISA

In Count IV, plaintiffs seek damages for lost health care benefits under the Smurfit-Stone ERISA Welfare Benefit Plan. However, the complaint in no way alleges that any Union Defendant owed any duty to Jewell under that plan, or that any Union Defendant was a plan fiduciary or administrator. Count IV thus fails to state a claim against the Union Defendants. *See Burklow v. Local 215 Int'l Bhd. of Teamsters*, No. 4:02CV032-M, 2008 WL 3243999 (W.D. Ky. Aug. 6, 2008).

---

[2] The Union Defendants alternatively contend that the defamation claim against them is "so vague as to be unanswerable." Plaintiffs have responded to that argument but not to the timeliness challenge. Because the court finds the Union Defendants' statute of limitations argument well-taken, the sufficiency of pleading argument need not be addressed.

5

For the reasons stated herein, the pending motion to dismiss will be granted in its entirety. An order consistent with this opinion will be entered.

ENTER:

                                                                          s/ Leon Jordan
                                                               United States District Judge