IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DANNY T. JEWELL and )
SANDRA F. JEWELL, )
 )
      Plaintiffs, )
 )
v. ) No. 3:08-CV-392
 )
SMURFIT-STONE CONTAINER )
ENTERPRISES, INC., *et al.*, )
 )
      Defendants. )

## MEMORANDUM OPINION

By memorandum and order dated December 10, 2010 [docs. 36, 38], the court granted the motion to dismiss filed by the following defendants: United Steelworkers Union Local # 51276; Robert Mackey; Scott Johnson; Vaughn Buckner; and Joyce Jones. Three defendants remain: Smurfit-Stone Container Enterprises, Inc. ("Smurfit-Stone"); and Eugene Davis and Chris Poland ("the Individual Defendants").

Now before the court are the motions to dismiss filed by Smurfit-Stone [doc. 50] and the Individual Defendants [doc. 52]. Plaintiffs have not responded to either motion within the time allowed by the Federal Rules of Civil Procedure and the local rules of this court. *See* Fed. R. Civ. P. 6(a), (d); E.D. TN. LR. 7.1(a).

Although "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought," E.D. TN. LR. 7.2, the court must nonetheless ensure that the sought-after relief is warranted. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

The court having done so, and for the reasons provided herein, both pending motions will be granted. This civil action will be dismissed in its entirety.

I.

*Background*

Plaintiffs filed their complaint on September 25, 2008. The case was stayed from March 2009 through October 2010 due to Smurfit-Stone's Chapter 11 bankruptcy.

According to the complaint, plaintiff Danny Jewell ("Jewell") was formerly employed by Smurfit-Stone. Plaintiffs allege that Jewell's employment was terminated on August 6, 2007, on account of his age.[1]

II.

*Applicable Legal Standards*

The Individual Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when

---

[1] The complaint directly states that plaintiff was fired in 200<u>7</u>, and the relevant facts clearly are alleged to have taken place in that year. It is apparent that paragraphs 15 and 16 of the complaint contain typographical errors to the extent that those paragraphs mention hiring and firing dates in 200<u>8</u>.

2

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing and quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). Unsupported legal conclusions will not suffice. *Iqbal*, 129 S. Ct. at 1949-50.

Smurfit-Stone moves for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Plaintiffs bear the burden of proving jurisdiction, and in resolving a Rule 12(b)(1) motion the court can consider evidence outside the pleadings. *See Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

### III.

*Analysis*

The complaint contains four substantive counts:

- Count I - Violation of the Tennessee Human Rights Act ("THRA")

- Count II - Violation of the Age Discrimination in Employment Act ("ADEA")

- Count III - Defamation

- Count IV - Violation of the Employee Retirement Income Security Act ("ERISA")

A. Smurfit-Stone

Smurfit-Stone filed its Chapter 11 bankruptcy petition on January 26, 2009. The deadline for filing proofs of claim in that bankruptcy was August 28, 2009. Notice of that bar date was mailed to plaintiffs, along with a proof of claim form, in care of the office

3

of one of their attorneys. There is no proof that plaintiffs filed a proof of claim.

On June 21, 2010, the bankruptcy court entered a confirmation order providing, in material part, that all claims against Smurfit-Stone arising prior to that date were discharged. The confirmation order further "stayed, restrained, prohibited, barred and enjoined" any such creditor from "conducting or continuing in any manner . . . any suit, action or other proceeding . . . in any forum."

With exceptions not relevant herein, confirmation of a Chapter 11 plan discharges the debtor from any debt arising before the date of confirmation, irrespective of whether the creditor filed a proof of claim. *See* 11 U.S.C. § 1141(d)(1)(A)(i). A Chapter 11 discharge operates as an injunction against the continuation of a civil action to recover a discharged debt from the debtor. *See* 11 U.S.C. § 524(a)(2).

Under any conceivable method of analysis, plaintiffs' claim against Smurfit-Stone arose before the before the bankruptcy was even filed. No later than August or September of 2007, Jewell was aware of his claim against Smurfit-Stone. The instant case was commenced on September 25, 2008. Quite obviously, plaintiffs' claim was discharged by the Chapter 11 bankruptcy. Smurfit-Stone's motion to dismiss will accordingly be granted.

B. THRA

The court now turns to the Individual Defendants' motion. The THRA has a one-year statute of limitations. *See Weber v. Moses*, 938 S.W.2d 387, 389-90 (Tenn. 1996).

4

A claimant must file suit no later than one year "after the alleged discriminatory practice ceases . . . ." Tenn. Code. Ann. § 4-21-311(d); *Weber*, 938 S.W.2d at 389. An employment discrimination cause of action accrues under the THRA "and the statute of limitations begins to run when the employee is given unequivocal notice of the employer's termination decision." *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 144 (Tenn. 2001).

According to the complaint, Jewell's employment was terminated on August 6, 2007. Unequivocal notice of that decision would have been given no later than August 14, 2007, which is the date Jewell claims to have filed for unemployment benefits. Plaintiffs did not bring suit, however, until more than one year later, on September 25, 2008. The THRA claim is time-barred and must be dismissed.

### C. ADEA

The filing of a charge of discrimination with the EEOC identifying the parties is a prerequisite to filing an ADEA suit in federal court. *See Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998). The charge filed by Jewell is not a part of the record in this case. The complaint indicates, however, that the charge he filed was only against Smurfit-Stone [doc. 1, ¶¶ 35, 37]. Further, even if plaintiffs had demonstrated that they filed a charge against the Individual Defendants, those defendants do not come within the statutory definition of "employer" and thus cannot be held personally liable under the ADEA. *See Liggins v. Ohio*, 2000 WL 178420, at *2 (6th Cir. Feb. 8, 2000). Plaintiffs' ADEA claim must therefore be dismissed as to the Individual Defendants.

5

D. Defamation

The complaint alleges that "Smurfit-Stone Container Enterprises, Inc., by and through its agents, particularly Eugene Davis . . . published statements about [Jewell] that were false and defamatory." [Doc. 1, ¶ 55]. The Individual Defendants argue that this claim is time-barred.

In Tennessee, the statute of limitations for slander is six months "after the words are uttered." Tenn. Code Ann. § 28-3-103. For libel, the statute of limitations is one year "after the cause of action accrued." Tenn. Code Ann. § 28-3-104(a)(1). While the complaint broadly alleges that Individual Defendant Davis defamed Jewell, plaintiffs *specify* no alleged libel or slander on the part of any Individual Defendant, let alone the date on which any alleged defamation by an Individual Defendant took place. Again, the complaint was not filed until September 25, 2008, and there is no specific allegation that the Individual Defendants defamed plaintiff within the prior six months or the prior year. Plaintiffs' defamation claim against the Individual Defendants must therefore be dismissed as untimely.

E. ERISA

In Count IV, plaintiffs seek damages for lost health care benefits under the Smurfit-Stone ERISA Welfare Benefit Plan. However, the complaint in no way alleges that any Individual Defendant owed any duty to Jewell under that plan, or that any Individual Defendant was a plan fiduciary or administrator. Count IV thus fails to state a claim against the Individual Defendants. *See Burklow v. Local 215 Int'l Bhd. of Teamsters*, No.

6

4:02CV032-M, 2008 WL 3243999 (W.D. Ky. Aug. 6, 2008).

F. Conclusion

For the reasons stated herein, the pending motions to dismiss will be granted. This civil action will be dismissed in its entirety. An order consistent with this opinion will be entered.

ENTER:

                                                s/ Leon Jordan
                                          United States District Judge