IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| DANNY T. JEWELL and<br>SANDRA F. JEWELL, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 3:08-CV-392 |
| SMURFIT-STONE CONTAINER<br>ENTERPRISES, INC., *et al.*, | )<br>)<br>) | |
| Defendants. | ) | |

# **O R D E R**

By memorandum and order dated February 27, 2012, the court dismissed the last remaining defendants, and this case was closed [docs. 54, 55]. Plaintiffs have now filed, *pro se*, a request to have their case reopened [doc. 56]. Defendants Smurfit-Stone Container Enterprises, Inc., Eugene Davis, and Chris Poland have responded in opposition to the motion, to which plaintiffs have submitted a reply [docs. 59, 60].

Plaintiffs are represented by legal counsel. It is first noted that pursuant to this court's local rules, plaintiffs are not allowed to submit *pro se* filings while they are still represented by an attorney. *See* E.D. TN. LR. 83.4(c). For that reason alone, plaintiffs' motion must be denied.

In the alternative, even if the court were to in its discretion entertain the present motion, the outcome would be no more favorable. Because most of the defendants in this

case were dismissed more than 28 days prior to the filing of the motion, the court considers plaintiffs' "request to reopen" as a motion for relief from final judgment under Rule 60(b) of the Federal Rules of Civil Procedure. That rule provides,

> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also* Fed. R. Civ. P. 59(e) (motions to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment").

In their motion, plaintiffs restate various allegations against the defendants. They also submit purported "new information," and they complain that they "have not been fairly represented by [their] counselors Roy P. Neuenschwander and M. Josiah Hoover."

The mere rehashing of the complaint does not entitle a party to Rule 60(b) relief. As for plaintiffs' alleged "new information," the documents attached to their *pro se*

filings have no relevance to the grounds upon which this case was dismissed. *See* docs. 38, 54. Lastly, plaintiffs' allegations of attorney malpractice do not satisfy the "excusable neglect" (or any other) prong of Rule 60(b). *See McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002).

For these reasons, plaintiffs' motion to reopen [doc. 56] is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge